[Civ. No. 14119. Third Dist. May 23, 1974.]

GERALDINE ROBERTS, Plaintiff and Appellant, v.
STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

West & Girardi, John Girardi and Gilbert M. Nishimura for Plaintiff and Appellant.

Harry S. Fenton, Robert F. Carlson, Steven L. Anderson and Breland C. Gowan for Defendant and Respondent.

## OPINION

**GOOD, J.**[*]—This case involves a claim against the state arising out of a single vehicle accident which allegedly was caused by negligent ownership, design, maintenance and control of a state highway. The accident resulted in the death of one James Arthur Roberts who was driving the truck involved in the accident. He was survived by his wife (Geraldine Roberts) and by four minor children. The accident occurred on August 31, 1971. In chronological order, the following procedural steps were taken:

1. On December 2, 1971, Industrial Indemnity Company and Boat Transit, Inc., the workmen's compensation carrier and the employer for the decedent truck driver, filed a timely claim with the State Board of Control against the State of California.

2. On July 31, 1972, Mrs. Roberts and her children filed with the state an application form to file claim for damages, a verified claim for damages and affidavits in support of application. The claim was late.

3. A notice of motion to petition superior court in Los Angeles for leave to present late claim was filed November 28, 1972, and was to be heard December 8, 1972. In the interim a stipulation to change venue from Los Angeles County to Shasta County was filed on December 7, 1972.

4. A new notice of motion to petition the superior court for leave to present late claim was filed January 17, 1973, in Shasta County.

On January 29, 1973, the motion was heard before Honorable Richard B. Eaton. On that date, Judge Eaton granted the petition to file late claim (wrongful death action) as to the minor children, and denied leave to present late claim as to the adult widow, Geraldine Roberts.[1]

Upon appeal, Mrs. Roberts raises two contentions of error: First, that the intent of the statutes requiring timely notice to be given to the state of a claim against it was fulfilled as to her by the timely notice of claim filed by and on behalf of the decedent's workmen's compensation carrier and his employer; second, that the "singular and unique" status of the state with reference to statutory notice of claim prerequisite to suits against the state, where no such prior notice of claim is required to file suit against private citizen defendants, violates the equal protection of law provisions

---

[*]Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]All the above-related procedural steps or facts are conceded by defendant in its brief.

of the Constitution with respect to those parties "unfortunate enough to have been harmed by the State's negligence." For reasons discussed below we find no merit in either contention.

The statutes involved are portions of the comprehensive pattern of legislation by which the state and other public entities have consented to suits against them under conditions specified therein. The statutes are in division 3.6 of the Government Code, commencing with section 810. We are principally concerned with the procedural claim provisions of section 910 et seq. of the Government Code. In particular, section 946.6 is applicable, together with court decisions construing it. There is no dispute between the parties over the fact that Mrs. Roberts' claim was filed late under Government Code section 911.2. Government Code section 946.6 sets forth the conditions under which the trial court may grant leave to file a late claim. Plaintiff does not seriously contend on appeal that the trial court should have found she met any of these conditions, or more specifically, that there was any showing which entitled her as a matter of statutory law to file her late claim. In this connection, we note from the record that the only condition provided in section 946.6 for allowing a late filing which could apply to her was mistake or excusable neglect. This she attempts to substantiate by her declaration that she was ignorant of the filing time limitation (100 days) and by her attorney's declaration that he was contacted by her to represent her more than 100 days after the date of the accident.

A decision upon a petition to file a late claim rests within the sound discretion of the trial court. Appellate reversal is not warranted except for an abuse of that discretion. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 28 [56 Cal.Rptr. 666, 423 P.2d 818].) The court did not abuse its discretion in finding no merit in plaintiff's petition under the statutes and the applicable cases. It is clearly the law that mere ignorance of the time limitation for filing against the state is not ground for allowing a late claim.[2] (*Martin* v. *City of Madera* (1968) 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].) In addition to the initial tardiness, after she had consulted an attorney there was an unexplained delay of seven months before initiating procedures to exert her claim. This is not excusable neglect or reasonable diligence. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 476 [58 Cal.Rptr. 249, 426 P.2d 753]; *Viles* v. *State of California, supra,* at p. 31.)

As to timely filing of claim by the insurance carrier and employer,

---

[2]The late claim of the minor children, however, was of course allowed for reasons of their minority as specifically provided in section 946.6.

it is the essence of Mrs. Roberts' argument that the underlying purpose of government claim filing requirements as a prerequisite to litigation are (a) the government entity should have an opportunity to investigate promptly while the evidence and witnesses are available; and (b) the entity, having obtained full information should have an opportunity to settle all other meritorious claims without litigation. (Cf., *Viles v. State of California, supra,* 66 Cal.2d 32.) If we accept her analysis of the purposes of the statutes involved, it does not follow that the filing of a claim by an insurance carrier and an employer would "satisfy" such purposes as to Mrs. Roberts, as she would have us hold. The fact that the state has been put on notice that a workmen's compensation carrier and an employer may sue it alerts the state to possible liability under the Labor Code. But that exposure is different in kind and nature from exposure to a wrongful death action by a wife with all the attendant possibilities of complex litigation and the possibility of extremely high damages if liability is established. The contention overlooks the fact that one of the purposes of the claims statute is to provide opportunity for orderly fiscal planning by advance knowledge of potential claims and to provide opportunity for the entity to rectify promptly a condition that resulted in injury and so prevent further losses. (Cf., 2 Cal. Law Revision Com., Rep. (1959) pp. A-73—A-75;4 *ibid.* (1963) pp. 1008-1009.)

Moreover, while distinguishable on their facts, there are cases which are sufficiently analogous which hold that filing of a claim by one party with respect to a particular prospective cause against a public entity does not serve to relieve another prospective party from so doing. (See, e.g., *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 766-768 [66 Cal.Rptr. 776]; *Bozaich v. State of California* (1973) 32 Cal.App. 3d 688, 696-697 [108 Cal.Rptr. 392].) We hold that the trial court did not err under statutory and case law in denying Mrs. Roberts' petition to file a late claim.

■ The contention that the claims statutes violate the equal protection of laws provisions of the United States Constitution rests upon the assertion that by barring a lawsuit to a person who has not first filed a claim with a public entity within 100 days, while such a provision does not exist as a bar to other prospective defendants, an arbitrary or special class of wrongdoers has been established. It is argued that the California Legislature had intended, by its enactments permitting public entities to be sued, to place them on the same footing as private tortfeasors and that the 100-day limitation is an unreasonable classification and defeats

the legislative intention. It is claimed that the 100-day notice requirement is a special statute of limitations arbitrarily barring actions by victims of governmental negligence while the victims of private negligence have one year in which to bring their actions. (Code Civ. Proc., § 340.) Plaintiff's counsel relies upon cases in Nevada and Michigan in which it has been held that since legislation in those states had the principal goal of putting public entities on an "equal footing" with private tortfeasors, any different treatment was an unreasonable classification. (*Turner* v. *Staggs* (1973) 89 Nev. 230 [510 P.2d 879]; *Reich* v. *State Highway Department* (1972) 386 Mich. 617 [194 N.W.2d 700]; cf., *Krause* v. *State* (1971) 28 Ohio App.2d 1 [57 Ohio Ops.2d 1, 274 N.E.2d 321].)

There is a basic distinction, however, between statutes that aim at placing or actually do place the state or other public entities on an equal basis with private tortfeasors and our California statutes.

Our statutes were enacted after the decision of the California Supreme Court in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], which held that common law governmental immunity must be discarded and indicated a disposition to treat all tortfeasors, public and private, alike insofar as basic liability was concerned. The legislative response to *Muskopf* achieved a result entirely different . from that which plaintiff urges should have been effected. It enacted a series of statutes to provide, in effect, that there *is* governmental immunity *except* for the very specific areas in which the statutes allowed suits. (See, Gov. Code, § 815; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 931-932 [101 Cal.Rptr. 568, 496 P.2d 480].) Since the enactment of the statutes in question, courts have uniformly upheld them against constitutional attack and particularly against a classification challenge. (*Tammen* v. *County of San Diego, supra,* 66 Cal.2d 481; see also, *Bozaich* v. *State of California, supra,* 32 Cal.App.3d p. 699; *Hom* v. *Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335, 338 [61 Cal.Rptr. 920].)

The argument in plaintiff's closing brief that "when the state undertakes to divest itself from the cloak of immunity it must stand on an equal basis with other similarly situated tortfeasors" would have merit only if the California Legislature so provided, or if some legislative action indicated that the reasons for the claims statute no longer had compelling force. But it did not. The fact that other states moved in that direction is irrelevant. We are in agreement with the decisions just cited upholding

the constitutionality of the time limitation provisions of the claims statutes involved herein.

The judgment (order) is affirmed.

Richardson, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1974.