[Civ. No. 44257. Second Dist., Div. Five. Dec. 27, 1974.]

ESSE L. LACY, Plaintiff and Appellant, v.
CITY OF MONROVIA, Defendant and Respondent.

**COUNSEL**

Steven Kaufman, Martin H. Flam and Enrique R. Sanchez for Plaintiff and Appellant.

Hahn & Hahn and William K. Henley for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—Plaintiff Pauline Lacy (appellant) appeals from an order granting the City of Monrovia's (respondent) motion for summary judgment.

On January 4, 1973, Esse L. Lacy presented to respondent a claim for damages. In the claim Esse L. Lacy alleged that on October 1, 1972, at approximately 4 a.m., "Police Officers of the City of Monrovia broke into my home at the above address[1] in county territory in the County of

---

[1] The police in attempting to effect the arrest of a suspect had mistakenly entered the wrong house. The suspect being sought lived next door to the Lacys.

Los Angeles, and terrorized me and my family," and the particular act or omission on the part of respondent's agents was "[t]he detention of me and the said members of my family, our humiliation in front of members of my family, our humiliation in front of the neighbors who were looking out of their windows as to what was going on. We were all caused embarrassment and humiliation and were detained and deprived of our liberty for about fifteen minutes. My wife was exposed to the gaze of strange men. My life and hers were threatened. Recurrence of duodenal and peptic ulcer, and further bulging of hiatus hernia," resulting in the following damage: "Damage for detention, humiliation and embarrassment and was held and detained and deprived of our liberty for about fifteen minutes. Damage for above physical injuries."

The claim was rejected by respondent on January 16, 1973. On June 7, 1973, a complaint was filed in superior court on behalf of Esse L. Lacy in the first cause of action, Pauline Lacy, in the second cause of action and in the third cause of action for Gregory by his guardian ad litem, Esse L. Lacy; Anthony Crawford by his guardian ad litem, Esse L. Lacy; Charlotte Crawford by her guardian ad litem, Esse L. Lacy, for false arrest, physical injuries and property damage caused by defendant city and its employees acting within the scope of their employment.

Respondent moved for summary judgment on the second and third causes of action on the ground that only Esse L. Lacy had properly filed a claim and that the other plaintiffs were barred under section 945.4 by their failure to present their claims pursuant to the appropriate section 911.2 of the Government Code.

The trial court found that: ". . . Plaintiff Pauline Lacy failed to present a Claim to Defendant, The City of Monrovia, as required by the California Government Code. The Court further finds that the Claim of Plaintiff Esse L. Lacy presented to said Defendant on January 4, 1973, is sufficient to support the causes of action of Plaintiffs Anthony Crawford, Charlotte Crawford and Gregory Crawford against said Defendant in that said claim may be considered to be a Claim filed on Behalf of said minor Plaintiffs."

The sole issue presented by this appeal is whether or not the claim presented by Esse L. Lacy is sufficient to support appellant's cause of action. We hold that it is.

Respondent's position is simply this: Appellant did not file a claim, therefore appellant is barred from bringing a lawsuit under the

provisions of section 945.4.[2] We do not agree.

■ The principle purposes of the claims statute are to give notice to the municipality in order that it be afforded a timely opportunity to investigate the claim and determine the facts; and to avoid unnecessary lawsuits by giving the municipality the opportunity to settle meritorious claims without going through an avoidable trial. (*City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 575 P.2d 701]; see *Foster* v. *McFadden,* 30 Cal.App.3d 943, 949 [106 Cal.Rptr. 685]; *Myers* v. *County of Orange,* 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198].) ■ These purposes were accomplished by the Esse Lacy claim. The wording of the claim relating to appellant gives respondent all the notice and knowledge it needs concerning her claim. The fact that appellant did not sign a separate claim form is of no consequence. Government Code section 910 provides that a claim shall be presented by a claimant or *"by a person acting on his behalf"* and section 910.2 provides that the claim shall be signed by claimant or *"by some person on his behalf."* (Italics added.) It is clear that Esse L. Lacy presented the claim to respondent on his own behalf and on the behalf of his wife and children.

In the case at bench paragraph 6[3] of the claim form contains the

---

[2]"Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

[3]In paragraph 6 of the claim Esse Lacy claimed the following damages:

"Damage for detention, humiliation and embarrassment and threat to my life ...... $10,000.00
Damage for above physical injuries ...... $15,000.00
Damage for detention, humiliation and embarrassment and threat to my wife's life ...... $10,000.00
Damage for detention, humiliation and embarrassment and threat to my son, Gregory's life ...... 1,000.00
Damage for detention, humiliation and embarrassment and threat to my son, Anthony's life ...... 1,000.00
Damage for detention, humiliation and embarrassment and threat to my Daughter Charlotte's life ...... 1,000.00
Damage to property — Doors ...... 256.00
Damage to property — Gate ...... 250.00
Damage to property — Window ...... 30.00
Damage to Hi-Fi ...... 25.00
Value of general cleanup, five people working two days ...... 200.00
" . . . . . . . . . . . . . . . . .
"TOTAL .......... $40,004.80"

following question: "*What* sum do you claim on account of each item of injury or damage?" (Italics in original.) One of the items of damages in essence sets forth appellant's claim which Esse Lacy could make only on her behalf: "Damage for detention, humiliation and embarrassment and threat to my wife's life .............................................................. $10,000.00." In the remaining subparagraphs of paragraph 6, Esse L. Lacy set forth the damages he was claiming for his children. (See *Kelso* v. *Board of Education,* 42 Cal.App.2d 415, 421 [109 P.2d 29].)

The amount of the claim of appellant was set forth in Esse L. Lacy's claim. The total amount of the claim against respondent is the same whether it is all included in the claim presented by Mr. Lacy on behalf of his wife and children or presented separately in two claims. The claim statute was not intended to be used as a trap for the unwary. To require that the Lacy claim be divided into two separate claims in this situation would not serve the intended purposes of the claim statute and would result in unfairly precluding a determination of appellant's claim on its merits.

*Roberts* v. *State of California,* 39 Cal.App.3d 844 [114 Cal.Rptr. 518], which respondent cites is consistent with our decision. There a claim was filed on behalf of the decedent's workmen's compensation carrier and employer. The plaintiff, decedent's wife, did not timely file a wrongful death claim against the state. Her argument that the claim filed by the workmen's compensation carrier and employer fulfilled the requirements of the statute by providing notice to the state was rejected by the court. The court held that although the claim by the workmen's compensation carrier alerts the state to possible litigation, the exposure is different in kind and nature from exposure to a wrongful death action by a wife. The court also stated in regard to plaintiff's argument that "[t]he contention overlooks the fact that one of the purposes of the claims statute is to provide opportunity for orderly fiscal planning by advance knowledge of potential claims and to provide opportunity for the entity to rectify promptly a condition that resulted in injury and so prevent further losses." (*Id.,* at p. 848.) In the case at bench respondent not only knew that a claim was being made on behalf of Mrs. Lacy for damages, but also knew the amount of the claim.

The other cases relied on by respondent are inapposite. In *Lewis* v. *City and County of San Francisco,* 21 Cal.App.3d 339 [98 Cal.Rptr. 407], Mrs. Lewis died after filing her claim for injuries. Her husband and daughter filed a wrongful death action against the governmental entity

but never filed a claim against the city for wrongful death. The court held that the wrongful death was a wholly distinct cause of action from the action which accrued to the decedent during her lifetime. There was no indication whatever that the claim filed by the decedent was for damages to anyone but herself.

*Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757 [66 Cal.Rptr. 776], reached a similar result. There the plaintiff's parents were fatally injured in an automobile accident. Before the mother died she filed on her own behalf a claim against the municipality for her own injuries and for the wrongful death of her husband. No claim was filed by plaintiff within the statutory period. The court held that plaintiff was required to file a claim for wrongful death on her own behalf and the mere fact that the municipality had knowledge of the accident and possibility of other claimants did not excuse their failure to file their claims.

In the instant case a bona fide attempt was made to comply with the claim statute. Respondent not only had notice of the occurrence giving rise to the claim but also had the names of all persons seeking damages and the amount of damages claimed. There was no attempt to mislead respondent and no evidence that respondent was misled or prejudiced in any way.

The order is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.