**UNITED STATES of America, Plaintiffs-Appellants,**

v.

**STATE OF CALIFORNIA, Defendants-Appellees.**

No. 77–4043.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 1980.

Decided July 28, 1980.

Rehearing Denied Nov. 6, 1980.

---

Anne Almy, Washington, D.C., for plaintiffs-appellants.

Evelle J. Younger, Atty. Gen., Sacramento, Cal., on brief; Darryl L. Doke, Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before TRASK and HUG, Circuit Judges, and WYATT,* District Judge.

TRASK, Circuit Judge:

On May 20, 1973, the federal government fought a fire in the Stanislaus National Forest in the State of California. This fire was allegedly caused by employees of the California Ecology Corps when they built and failed to properly extinguish a campfire. The fire burned 179 acres of national forest land and 56 acres of private land before it was extinguished.

The earliest claim submitted to the State of California for the costs of suppressing the fire was filed by the federal government on June 14, 1974. Three months later the government estimated the amount of its claim at $150,000. Finally, on February 21, 1975, a bill of actual costs in the amount of $101,043.71 was submitted to the state. The claim was rejected by way of telephone conversation in August 1975.

On April 9, 1976, the government filed suit in federal district court under the jurisdictional grant of 28 U.S.C. § 1345 for recovery of the fire suppression costs. The district court found that the federal government failed to file its claim within the time allowed under the applicable California claim filing statute and dismissed the government's action. The government appeals from this dismissal, contending that the district court incorrectly resolved the choice of law questions presented by this case.

I

The first issue to be resolved is which law, federal or state, should be utilized as the rule of decision. This action was instituted by the federal government against the state of California under the jurisdictional grant of 28 U.S.C. § 1345.[1] Although this circuit has expressly reserved the question, see United States v. Nationwide Mutual Insurance Co., 499 F.2d 1335, 1356–57 (9th Cir. 1974), other circuits considering the question have held that suits under section 1345 are not controlled by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See e. g., United States v. First National Bank, 470 F.2d 944, 946 n. 3 (8th Cir. 1973); United States v. Williams, 441 F.2d 637, 643 (5th Cir. 1971). See also, United States v. O'Connell, 496 F.2d 1329, 1332 (2d Cir. 1974); United States v. Boone, 476 F.2d

* Honorable Inzer B. Wyatt, Senior United States Judge, Southern District of New York, sitting by designation.

1. 28 U.S.C. § 1345 provides:

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

276, 278 (10th Cir. 1973). We follow those circuits and hold that application of state substantive law is not mandated. Where, however, there is "no clear federal law to apply, federal courts have referred to state law to provide the appropriate rule." *United States v. Nationwide Mutual Insurance Co., supra*, 499 F.2d at 1356–57.

An instructive discussion of how federal-state choice of law decisions should be made in cases such as this is provided by Judge Wisdom's excellent opinion in *Georgia Power Co. v. 54.20 Acres of Land*, 563 F.2d 1178, 1185–90 (5th Cir. 1977), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). After reviewing all the pertinent Supreme Court decisions, Judge Wisdom concluded:

> Together these cases produce a balancing test. . . . On one side is the federal interest in carrying out a program in the most efficient and effective manner possible. On the other is a state's interest in the preservation of its control over local interests, particularly traditional interests such as family law and real property transactions, and in preventing the displacement of state law. Of course, the ultimate goal of the creation of federal law by the courts is to carry out the federal program in question. *See United States v. Little Lake Misere Land Co.*, 412 U.S. [580 at 584–601, [93 S.Ct. 2389 at 2392–2401, 37 L.Ed.2d 187] (1973)]; *United States v. Standard Oil Co.*, 332 U.S. [301 at 309–11, [67 S.Ct. 1604 at 1609, 91 L.Ed. 2067] (1947)]. Thus, if state law would actually frustrate rather than only hinder a federal program, federal common law *must* be applied regardless of state interests. *See e. g., United States v. Little Lake Misere Land Co.* On the other hand, the Supreme Court has demonstrated a growing desire to minimize displacement of state

law. *See Miree v. DeKalb County* [433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977)].

*Georgia Power, supra*, 563 F.2d at 1189 (emphasis in original). The Supreme Court has stated on the one hand that state law should be applied unless a "significant conflict between some federal policy or interest and the use of state law in the premises" is demonstrated, *Wallis v. Pan American Petroleum Corp.*, 384 U.S. 63, 68, 86 S.Ct. 1301, 1304, 16 L.Ed.2d 369 (1966), while on the other hand the Court has pronounced that "specific aberrant or hostile state rules do not provide appropriate standards for federal law." *United States v. Little Lake Misere Land Co., supra*, 412 U.S. at 596, 93 S.Ct. at 2398. Consequently, although a balancing approach should be adopted, the scales of the balance are weighted in favor of borrowing state law to fashion the federal rule of decision. Before an appropriate balance can be struck, however, the California law which could be borrowed must be ascertained.

## II

The California law which could be borrowed for this action is Cal.Health and Safety Code § 13009, which provides for the recovery of fire suppression costs from any person responsible for the fire.[2] This statute has been held to have superceded state common law negligence liability. *United States v. Morehart*, 449 F.2d 1283, 1284 (9th Cir. 1971). The district court found that this statute should be borrowed and applied to the present dispute. The district court also determined that the claim filing requirements of Cal.Gov.Code § 900 *et seq.* were substantive conditions precedent to a cause of action against the state and were applicable to a suit by the government un-

---

2. Cal.Health & Safety Code § 13009 provides:

§ 13009. *Expense of fighting fires, liability for*—Any person who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by him to escape onto any forest, range or non-residential grass-covered land is liable for the expense of fighting the fire and such expense

shall be a charge against that person. Such charge shall constitute a debt of such person, and is collectible by the person, or by the federal, state, county, public, or private agency, incurring such expenses in the same manner as in the case of an obligation under a contract, express or implied.

der the fire suppression costs statute.[3] There is no serious dispute concerning the applicability of section 13009, standing alone, to this case. The government, however, contends that the claim filing requirements are not applicable because they are either conditions on California's waiver of sovereign immunity, or mere statutes of limitation.

### A.

It is well settled that the United States is not bound by state statutes of limitation. *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. (1940). To this general rule, however, there is an exception that a state statute which provides a time limitation as an element of a cause of action or as a condition precedent to liability applies to suits by the United States even if there is an otherwise applicable federal statute of limitations. *United States v. Hartford Accident and Indemnity Co.*, 460 F.2d 17, 19 (9th Cir.), *cert. denied*, 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972). Compliance with California's claim filing statute is just such an element of a cause of action against the state. *See Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Ridley v. City of San Francisco*, 272 Cal.App.2d 290, 77 Cal.Rptr. 199 (1st Dist. 1969); *Tietz v. Los Angeles Unified School District*, 238 Cal.App.2d 905, 48 Cal.Rptr. 245 (2d Dist. 1965), *cert. denied*, 385 U.S. 8, 87 S.Ct. 53, 17 L.Ed.2d 7 (1966). Consequently, the California claim filing statutes are not inapplicable to the federal government on the ground that they are merely statutes of limitation.

### B.

The government next contends that California's claim filing statutes are part of a statutory complex designed to limit California's waiver of sovereign immunity. This is clearly correct. *See Roberts v.*

*State*, 39 Cal.App.3d 844, 847, 114 Cal.Rptr. 518 (1974). The government argues that since all states impliedly consented to a waiver of their sovereign immunity to the federal government upon entry into the Union, *see United States v. Texas*, 143 U.S. 621, 646, 12 S.Ct. 488, 493, 36 L.Ed.2d 285 (1892); *United States v. California*, 328 F.2d 729, 731 (9th Cir.), *cert. denied*, 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29 (1964), these claim filing requirements should be held inapplicable. We disagree.

It is true that each state has waived its sovereign immunity to the federal government and that the federal government may consequently sue any state without the latter's consent. *See United States v. California, supra,* 328 F.2d at 732 and n. 8. The federal government, of course may sue a state in federal court under any valid cause of action, state or federal, even if the state attempts to limit the cause of action to suits in state courts only. *See United States v. Nevada Tax Commission*, 439 F.2d 435 (9th Cir. 1971). However, like any other plaintiff, the federal government must first have a cause of action against the state. In this case, California argues that the federal government does not have a cause of action because it failed to meet the claim filing requirements. These requirements are substantive elements of the cause of action, not mere jurisdictional limitations.

In *United States v. Hartford Accident and Indemnity Co., supra*, a situation analogous to the instant case was presented. There, the government attempted to sue a private insurance carrier after the state time limitation on such suits had expired. The government argued that the time limitation was merely a statute of limitations and that the federal statute of limitations should therefore control under the rule of *United States v. Summerlin, supra*. This court, noting that the state time limitation was "an absolute prerequisite to the accrual

---

**3.** The particular section of the Cal.Gov.Code involved in this case is section 911.2 which requires all claims for money or damages for which the state is liable to be presented within one year of the date the claim arose. In addition, section 945.4 expressly prohibits suits against the state until a claim has been presented to and rejected by the state. Finally, any suit on the claim must be filed within six months of the state's action on the claim. *See* § 945.6.

of [the] cause of action," affirmed the district court's dismissal of the suit saying:

> While *Summerlin* is clear authority for the proposition that an action vested in the United States cannot be defeated by a state statute of limitations, neither it nor its progeny hold that considerations of federal supremacy can create a cause of action where none exists under state law or otherwise. . . . Inherent in the language of the Supreme Court [in *Summerlin*] is the requirement that the government must have become entitled to a claim and have acquired a cause of action before [federal statutes of limitation control].

*Hartford Accident, supra,* 460 F.2d at 19. Similarly, in the present case, the federal government is free to sue California in any court for recovery of fire suppression costs. If, however, the federal government is compelled by the applicable choice-of-law rule to sue under California state law, then it must have a cause of action under that state's law.

The federal government, like any other plaintiff, must meet all elements of any applicable cause of action—the bitter as well as the sweet. The government may not fashion for itself a unique cause of action by selecting from the various elements of a given state statutory cause of action only those legal requirements which are not related to state sovereign immunity considerations. Here, California has neither attempted to bar the federal government from bringing an action, nor has it limited suits under the fire suppression statute to state courts. The state asks only that if the federal government chooses to sue under a state statutory cause of action, each element of that cause of action must be complied with. The state does not ask too much. Considerations of sovereign immunity, like considerations of federal supremacy, cannot create a cause of action where none exists under state law. Consequently, if state law is to be borrowed to fashion the federal rule of decision in this case, the law applicable to the federal government must include the state's claim filing statutes as well as the fire suppression costs statute.

III

We must now consider the state and federal interests in having California law applied to this case, utilizing a balancing approach as discussed above. The California statutes provide an adequate means for the federal government to recover fire suppression costs. Although the various time requirements would impose some burden on the federal government, they would create no insurmountable difficulties. The only federal interest infringed by requiring compliance would be its interest in preparing claims and litigation at a more leisurely pace. The government cites the special federal six-year statute of limitations for fire-related causes of action, *see* 28 U.S.C. § 2415(b), as indicative of unique federal interests which would be infringed by the imposition of California law in this case. We find no indication in the legislative history of that statute, however, of any federal policy or program which would be frustrated by requiring compliance with California's more restrictive time requirements. *See* S.Rep.No.1328, 89th Cong.2d Sess. *reprinted in* 2 U.S.Code Cong. & Admin.News, p. 2502 (1966).

The state, on the other hand, has interests in this choice of law which are derived from a number of sources. Although the land involved in this case was predominately federal forest land, Congress has determined that the states shall maintain concurrent criminal and civil jurisdiction over national forests. *See* 16 U.S.C. § 480. Furthermore, in *United States v. Boone,* 476 F.2d 276 (10th Cir. 1973), one circuit determined that a state fire suppression costs statute should be available to the federal government; a decision based in part, at least, upon the local nature of federal suits instituted to protect the proprietary interests of the United States. This latter consideration is especially important when the suit is related to real property, in which case the state in which the land is located has a particular, although not determinative, interest in having its own law applied. *See United States v. Williams,* 441 F.2d 637, 643 (5th Cir. 1971).

In the present case, applying California law to govern a cause of action involving a fire upon land as to which California maintains concurrent jurisdiction would further the state's proprietary interests as well as its varied interests in having the claim filing statutes applied. *See Roberts v. State*, 39 Cal.App.3d 844, 114 Cal.Rptr. 518 (1974). This would be accomplished without totally frustrating any federal policy or program. Furthermore, no need for a uniform federal rule is indicated by this case as in *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943). The appropriate state law is neither "aberrational" nor "hostile" to federal interests. *See United States v. Little Lake Misere Land Co., supra*, 412 U.S. at 596, 93 S.Ct. at 2398. Adding these considerations to a balance which, as discussed above, is already weighted in favor of borrowing state law leads us to the conclusion that both the suppression costs statute and claim filing statutes should be adopted as the appropriate rules of decision in this case. As the federal government failed to comply with the claim filing requirements, dismissal was proper.

AFFIRMED.