725 F.2d 1128
 UNITED STATES of America, Plaintiff-Appellee,
v.
COUNTY OF COOK, ILLINOIS; Stanley Kusper, Jr., County Clerk
of the County of Cook, Illinois; Thomas Hynes, County
Assessor of the County of Cook, Illinois; Edward J.
Rosewell, County Treasurer and County Collector of the
County of Cook, Illinois, Defendants-Appellants,
Eileen Cohen, and Lemon Works, Defendants.
 No. 83-1114.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 21, 1983.
Decided Jan. 20, 1984.
 
 Thomas L. McNulty, Asst. State's Atty., Chicago, Ill., for defendants-appellants.
 Joann Horn, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.
 Before PELL, BAUER and FLAUM, Circuit Judges.
 PELL, Circuit Judge.
 
 
 1
 This is an appeal from a district court judgment declaring two parcels of improved realty located in Cook County, Illinois, exempt from local property taxes. At issue on appeal is whether realty, located in Illinois, used by the federal government exclusively for its operations, and in the process of being sold on an installment basis to the federal government pursuant to the Purchase Contract Program, 40 U.S.C. Sec. 602a, is exempt from local ad valorem taxation.
 
 I. Facts
 
 2
 The Social Security Great Lakes Program Center (Program Center) and the General Services Administration Federal Archives and Records Center (Records Center) are two building complexes located in Chicago, Cook County, Illinois and used by the federal government exclusively for public purposes. The federal government had the centers built by a contractor and is to acquire them on an installment basis pursuant to the Purchase Contract Program, 40 U.S.C. Sec. 602a. In March 1973, Citibank, as trustee under a document entitled "Public Building Purchase Contract and Indenture" (Citibank Indenture) took legal title to the Program Center. In November 1973, the American National Bank and Trust Company of Chicago, as trustee under a similar document (American Contract), took legal title to the Records Center.
 
 
 3
 Under the Citibank Indenture, the United States is to purchase the Program Center over a period of thirty years, with title to vest in the United States upon final payment of the purchase price at the completion of the thirty-year term. The Citibank Indenture also provides that the United States is obligated to pay or cause to be paid all validly owing real estate taxes assessed on the improved property until such time as the purchase price is paid in full. The United States, however, has the right to contest the amount or validity of any real estate taxes through appropriate legal proceedings. The American Contract mirrors the Citibank Indenture with respect to these essential provisions.
 
 
 4
 The Cook County Assessor assessed ad valorem taxes, plus penalties and interest, on the Program Center for the years 1975 through 1978, and he assessed similar taxes, plus penalties and interest, on the Records Center for the years 1972 through 1978. The United States refused to pay any of the assessments, penalties or interest, contending that Illinois statutory law grants the subject properties an exemption from local ad valorem taxes. In October 1979, representatives of Cook County purportedly sold the Program Center for nonpayment of taxes due for the years 1975 through 1978 to Eileen Cohen, a named defendant in this suit. In July 1979, the representatives purportedly sold the Records Center to Lemon Works, also a named defendant in this suit, for nonpayment of taxes owing for the years 1972 through 1978.
 
 
 5
 The United States brought suit for a judgment declaring the Program Center and Records Center exempt from local ad valorem taxation and vacating the purported tax sales. In response to a motion by the United States for summary judgment, Cook County filed a cross-motion for summary judgment, contending that the pertinent Illinois statutes only exempt properties being acquired by state and local governmental bodies and do not, by their terms, encompass properties being acquired by the federal government. On December 27, 1982, the district court granted the United States summary judgment and denied the defendant's cross-motion. Cook County and several of the individual defendants appeal from the judgment of the district court.
 
 II. Discussion
 
 6
 The relationship between state taxing power and federal tax immunity is governed in this case by a set of statutory and constitutional provisions. Illinois Revised Statutes ch. 120, p 500.4 exempts from local ad valorem taxation "[p]roperty of the United States, except such property as the United States has permitted or may permit to be taxed." The federal statute pursuant to which the federal government entered the long term purchase contracts for the Program Center and the Records Center, 40 U.S.C. Sec. 602a, provides the consent called for by paragraph 500.4: "With respect to any interest in real property acquired under the provisions of this section, the same shall be subject to State and local taxes until title to the same shall pass to the Government of the United States." Id. Sec. 602a(d). Illinois Revised Statutes ch. 120, p 500.9a, however, once again excludes from local taxation certain government property; the statute exempts "[a]ll property that is being purchased by a governmental body under an installment contract pursuant to statutory authority and used exclusively for the public purposes of the governmental body." The final provision pertinent to this chain of interlocking statutes is Article IX, Section 6 of the Illinois Constitution, which provides: "The General Assembly by law may exempt only the property of the State ... [and] units of local government ...."
 
 
 7
 In support of their claim that the Program Center and Records Center are subject to local ad valorem taxation, appellants contend that the paragraph 500.9a exemption is inapplicable to property being acquired by the United States. Paragraph 500.9a exempts properties under purchase contract by a "governmental body." According to appellants, the state legislature under Article IX, Section 6 of the Illinois Constitution has the power to exempt only property of state and local government. Thus, appellants argue, the term "governmental body" in paragraph 500.9a cannot possibly encompass a federal governmental body because the state legislature is not empowered to create such an exemption.[1] We find appellants' position untenable. Under M'Culloch v. Maryland, 17 U.S. (4 Wheat.) 316, 436, 4 L.Ed. 579 (1819), and its progeny, a state cannot impose a discriminatory ad valorem tax on property being acquired by the United States. See Memphis Bank & Trust Company v. Garner, --- U.S. ----, 103 S.Ct. 692, 696 & n. 7, 74 L.Ed.2d 562 (1983); United States v. New Mexico, 455 U.S. 720, 102 S.Ct. 1373, 1383 & n. 11, 71 L.Ed.2d 580 (1982); Phillips Company v. Dumas Independent School District, 361 U.S. 376, 381-87, 80 S.Ct. 474, 478-81, 4 L.Ed.2d 384 (1960). If we were to construe Article IX, Section 6 as appellants urge us to do, paragraph 500.9a in effect would segregate property being acquired by state or local government and permit it to incur a lighter tax burden than the state imposes on property being acquired by the federal government.[2] Moreover, the Illinois legislature would be powerless to bring the federal government within the purview of the paragraph 500.9a exemption and thereby cure this constitutional infirmity. We believe it is sensible to construe Article IX, Section 6 as implicitly recognizing the power of the state legislature to enact tax exemption statutes which conform to the mandates of the federal Constitution. In our view, Article IX, Section 6 does not mention federal immunity because the legislature already has the power to exempt the United States from what would otherwise be a discriminatory tax. We accordingly reject appellants' construction of the Illinois Constitution and hold that paragraph 500.9a does exempt property being acquired by the federal government.
 
 
 8
 Appellants maintain that even if the term "governmental body" as used in paragraph 500.9a does encompass federal governmental bodies, the broad consent of 40 U.S.C. Sec. 602a(e) nullifies the paragraph 500.9a exemption. Appellants' argument fails for two independent reasons. First, we are unpersuaded by appellants' logic. Section 602a(e) opens United States property to taxation, but it does not require local taxation of United States property. If the state of Illinois statutorily exempts from local taxes property being acquired under purchase contract by the United States, then the United States is certainly entitled to take advantage of that exemption. See Dawson v. Childs, 665 F.2d 705, 711 (5th Cir.1982). Second, even if we were to assume that a federal waiver could in theory supercede a state-authorized exemption, we are unconvinced that section 602a(e) in fact constitutes such a waiver. Appellants seek to impose a tax on properties being acquired by the United States but not on properties being acquired by state or local governments. See supra text at note 2. Ever since M'Culloch v. Maryland, supra, it has been fundamental to the principle of intergovernmental tax immunity that the states cannot impose discriminatory taxes on the United States or on those with whom the United States deals. We believe that in order for the United States to consent to a departure from this fundamental constitutional principle and permit discriminatory taxation, it must state its consent explicitly. The consent found in section 602a(e) lacks the specificity we would expect to find if Congress intended to subject the United States to discriminatory taxation. Accordingly, we reject the argument appellants advance.
 
 Conclusion
 
 9
 Having considered all the arguments urged by the parties to this appeal, we hold that Illinois realty being acquired on an installment basis by the United States under the Purchase Contract Program and used by the federal government exclusively for its public purposes is exempt from local ad valorem taxation. Accordingly, the judgment of the district court declaring the subject property in this suit exempt from ad valorem taxation by the Cook County Assessor is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Only the meaning of the term "governmental body" is in dispute. Appellants do not contend that the subject properties fail to meet the other requirements of paragraph 500.9a. The subject properties are being (1) purchased under an installment contract; (2) acquired pursuant to statutory authority; and (3) used exclusively for the public purposes of the purchaser
 
 
 [2]
 Under appellants' construction of Article IX, Section 6, we would also be forced to conclude that the Illinois legislature overstepped its authority when it enacted paragraph 500.4