UNITED STATES of America, Plaintiff,

v.

Thomas C. HYNES, et al., Defendants.

No. 88 C 3732.

United States District Court,
N.D. Illinois, E.D.

Sept. 4, 1991.

---

Eileen M. Marutzky, U.S. Attorney's Office, Chicago, Ill., Richard A. Correa, U.S. Dept. of Justice, Tax Div., David M. Katinsky, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Karen J. Dimond, Cook County State's Attorney's Office, Mark R. Davis, O'Keefe, Ashenden, Lyons & Ward, Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

HOLDERMAN, District Judge:

This case concerns an ongoing dispute between the United States of America and Cook County over the imposition of ad valorem property taxes by Cook County on two federal buildings being purchased by the General Services Administration on an installment basis pursuant to the Purchase Contract Program, 40 U.S.C. § 602a.

On March 26, 1991, the court granted the federal government's motion for summary judgment and denied defendants' motion for summary judgment (hereafter referred to as the "March 26th Opinion"). Defendants have filed a motion to reconsider and alter the judgment. Plaintiff United States filed a motion to alter or amend judgment to include the declaratory and injunctive relief it sought in its complaint.

## DISCUSSION

In their motion to reconsider, defendants raised for the first time a legal argument that they had not made in the several years since the inception of this case. Since the court did not have the benefit of this argument for its consideration of the parties' cross motions for summary judgment, the court must reevaluate its earlier determination.

In the March 26th Opinion, this court held unconstitutional the assessment of ad valorem taxes on the Harold Washington Social Security Center and the Federal Archives and Records Center (the "Centers") pursuant to section 19.9a of the Illinois Revenue Act (the "Revenue Act"), Ill.Ann. Stat. ch. 120, ¶ 500.9a (Smith–Hurd 1991) ("¶ 500.9a"). *United States v. Hynes,* 759 F.Supp. 1303, 1309 (N.D.Ill.1991). The court held that the Centers were exempt from local ad valorem taxation. *Id.*

■ Defendants currently assert that the United States failed to comply with the procedural requirements for obtaining an exemption under ¶ 500.9a. The procedures regarding the time and manner of perfect-

ing a claim for exemption are mandated in section 194.1 of the Revenue Act, Ill.Ann. Stat. ch. 120, ¶ 675.1 (Smith–Hurd 1991) ("§ 194.1"). Such procedures became effective for tax years 1986 and thereafter. Accordingly, defendants contend that the requirements of § 194.1 preclude the allowance of exemptions for the federal government for the tax years 1986, 1987, 1988, and 1989.[1]

Section 194.1 provides in pertinent part that:

> No taxpayer may pay under protest as provided in Section 194 or file an objection as provided in Section 235 on the grounds that the property is exempt from taxation, *or otherwise seek a judicial determination as to tax exempt status*, except as provided in Section 138 and except as otherwise provided in this Section, and Section 194.2 and Section 235.

> \*   \*   \*   \*   \*   \*

> This Section shall not apply to court proceedings relating to an exemption for 1985 and preceding assessment years. However, *an order entered in any such proceeding shall not preclude the necessity of applying for an exemption for 1986 or later assessment years in the manner provided by Section 108 and Section 119 of this Act.*

Ill.Ann.Stat. ch. 120, ¶ 675.1 (emphasis added). Sections 108 and 119 of the Act, Ill. Ann.Stat. ch. 120, ¶¶ 589, 600, set forth the procedures by which a taxpayer claims a property tax exemption. These procedures include filing an application for an exemption with the board of review, giving timely notice of the application to the municipality, and providing the applicant an opportunity to be heard. *Id.* The board of review makes an initial decision concerning the application. *Id.* The board forwards the case to the Illinois Department of Revenue (IDOR) for a final administrative decision on the application. *Id.*

The United States does not suggest that it complied with the procedural rules discussed above. Instead, the United States claims that any state procedural laws required for an exemption under ¶ 500.9a do not apply to the federal government. The United States argues that its claim for exemption is based on the Supremacy Clause of the United States Constitution, and is not based on Illinois law. (Pl.'s Mem. of Points and Authorities, p. 4.) Thus, the United States argues that it does not need to exhaust procedures established by state law prior to advancing its federal constitutional claim. (*Id.* at 5.)

The United States' reliance on the Supremacy Clause is based on the Seventh Circuit's opinion in *United States v. County of Cook*, 725 F.2d 1128 (7th Cir.1984), a case closely related to this one. The United States claims that

> after *County of Cook*, state officials cannot deny the exemption of Section 500.9a to the United States; to do so, according to the Seventh Circuit, would discriminate against the United States in violation of the Supremacy Clause.

(Pl.'s Mem. of Points and Authorities, p. 5.)

The United States has mischaracterized the source of its exemption from ad valorem taxation. Both *County of Cook* and this court's March 26th Opinion premised the property tax exemption granted to the federal government on ¶ 500.9a. In *County of Cook*, the Seventh Circuit held that "paragraph 500.9a does exempt property being acquired by the federal government" because the federal government, like a state or local government, is a "governmental body" under ¶ 500.9a. 725 F.2d at 1131. Similarly, this court's March 26th Opinion based the exemption on ¶ 500.9a. *Hynes*, 759 F.Supp. at 1309. Furthermore, nothing in *County of Cook* or this court's March 26th Opinion held that the United States does not need to comply with nondiscriminatory and otherwise constitutional procedures established under Illinois law in

---

**1.** Defendants' motion to reconsider presents no new arguments other than the procedural noncompliance issue discussed herein. It is undisputed that the procedural requirements were not effective until the 1986 tax year. Therefore, the exemption ordered by this court for tax year 1985 need not be reconsidered.

order to receive an exemption available under Illinois law.

Defendants have not barred the United States from applying for an exemption under ¶ 500.9a pursuant to § 194.1. Instead, defendants here ask no more than that required by the law, which is only

> that if the federal government chooses to sue under a state statutory cause of action, each element of that cause of action must be complied with. [Defendants] do[ ] not ask too much. Considerations of sovereign immunity, like considerations of federal supremacy, cannot create a cause of action where none exists under state law.

*United States v. State of California,* 655 F.2d 914, 919 (9th Cir.1980). If the United States seeks to obtain a property tax exemption under Illinois law, it must comply with the requirements for such exemption set forth under Illinois law. "The federal government, like any other plaintiff, must meet all elements of any applicable cause of action—the bitter as well as the sweet." *Id.*

■ The United States next contends that requiring the federal government to comply with the procedural requirements of § 194.1 is discriminatory because other government bodies are not required to so comply. On April 12, 1991, the court issued an order in response to defendants' motion to reconsider. The court's order requested that the parties file authorities identifying all, if any, government entities which fulfilled the procedural requirements of § 194.1 who have obtained exemptions under ¶ 500.9a and government entities who were not accorded an exemption under ¶ 500.9a as a result of the entities' failure to fulfill the requirements of § 194.1.

In response to the court's request, defendants identified eight applications for ex-

emptions under ¶ 500.9a filed from 1986 to the present. (Def.'s Submission, Ex. A.) Three of these applications resulted in granting the exemption under ¶ 500.9a.[2] (*Id.*) None of the eight were denied an exemption under ¶ 500.9a because of a failure to fulfill the requirements of § 194.1.[3] (*Id.*)

The United States argues that "[d]efendants' submission fails to demonstrate with any degree of certainty that all governmental entities are fulfilling the requirements of Section 194.1 of the Illinois Revenue Act and that those who do not do so are not accorded an exemption under Section 500.-9a." (U.S. Response to Def.'s Submission, p. 1.) Whether "all" governmental entities are fulfilling the requirements of § 194.1 is not the issue. The question is whether defendants are requiring the federal government, and not requiring others similarly situated, to comply with the procedural directives of § 194.1 in order to obtain an exemption under ¶ 500.9a. *See North Dakota v. United States,* 495 U.S. 423, 110 S.Ct. 1986, 1996, 109 L.Ed.2d 420 (1990). The court realizes that the identification of ¶ 500.9a applications does not establish that ¶ 500.9a exemptions were obtained only by those filing applications. However, the evidence does demonstrate that government bodies other than the United States have been required to comply with § 194.1 in order to receive an exemption under ¶ 500.9a. In fact, one of the government bodies that has complied with § 194.1 is the State of Illinois, the entity which enacted the allegedly discriminatory procedural requirements.

The United States contends that defendants "have only discovered one example of an entity uniquely relying on Section 500.9a exemption" because two of the three

---

**2.** The three applications approved by IDOR for exemptions under ¶ 500.9a were for the Buffalo Grove Park District for 1986; the Village of Island Lake for 1987; and the State of Illinois, Department of Central Management Services, for 1990. (Def.'s Submission, Ex. A.)

**3.** Besides the three applications which were approved, two applications erroneously listed ¶ 500.9a as the basis for approval for an exemp-

tion when the actual basis for exemption was ¶ 500.19 (property of port districts), one of the applications was denied because the applicant was not a governmental body, one application was terminated, and one application, made on behalf of the federal government relating to a federal office building presently under construction at 77 West Jackson in Chicago, is still pending for administrative hearing.

applications approved for exemptions under ¶ 500.9a were "government-to-government transfers" from school districts to government bodies.[4] Defendants argue that "[t]hese two pieces of property would have been considered to have been tax-exempt even in the absence of Section 500.9a because they were [already] owned by a governmental entity."

The United States cites no authority for this proposition. The Revenue Act provides a property tax exemption for all school property used for school purposes. Ill.Ann.Stat. ch. 120, ¶ 500.1. By selling the properties, the two school districts no longer owned the properties, thereby invalidating any exemption based upon ¶ 500.1. The two governmental bodies that purchased the properties had to requalify the properties for tax exemption. The evidence presented by defendants demonstrates that both governmental purchasers qualified for exemptions under ¶ 500.9a by filing applications pursuant to § 194.1. (Def.'s Submission, Ex. B–3, B–5.)

Furthermore, the United States asserts that the three approved applications "are not truly analogous to the present case." (U.S. Response to Def.'s Submission, p. 3, n. 2.) The three applications involved a "government entity [ ] applying concerning a new sale" while the present case involves an entity "being awarded an exemption by a ruling of the court." *Id.* The United States fails to point out the significance of this distinction. As quoted above, § 194.1, by its own language, applies, *inter alia,* to "judicial determination as to tax exempt status."

■ In addition to the three approved applications, there is one application submitted pursuant to ¶ 500.9a that is currently pending for administrative hearing. The applicant, Stein & Co. Federal Center, Inc., ("Stein") is the contractor for a building currently under construction at 77 West Jackson in Chicago, Illinois. Upon completion, the building will be used as a federal office building. According to the United States, the Stein application was made on behalf of the federal government. The United States argues that the denial of the Stein application by the Cook County Board of Review (the "Board") demonstrates that the Board and the exemption procedure discriminates against federal properties.

According to defendants, the Board recommended approval, and not denial, of the Stein application. The Stein application was then denied by IDOR because IDOR was concerned that the agreement between Stein and the federal government was a lease and not an installment purchase contract. Defendants assert that IDOR is now satisfied that the lease-purchase agreement was an installment contract. Currently, IDOR is not convinced that the future exempt ownership and use of the property is sufficient to grant it an exemption at the current time. A final determination on Stein's application awaits a resolution of this issue.

There is no evidence that the potential denial of Stein's application on behalf of the federal government would be based upon anything other than legitimate concerns by IDOR. All government entities are required to demonstrate the existence of an installment contract and that the property in question is owned by a governmental body and used for public purposes. *See* Ill.Ann.Stat., ch. 120 ¶ 500.9a. There is certainly no evidence that the Board or IDOR will reject the application due to noncompliance with § 194.1. In fact, the Stein application demonstrates that the federal government currently realizes the necessity of complying with § 194.1 in order to receive a ¶ 500.9a exemption.

In summary, the court believes that an exemption from property taxation for the United States on the properties at issue is premised on Illinois law, in general, and ¶ 500.9a of chapter 120, in particular. Effective for 1986 and subsequent tax years, Illinois law requires government bodies, including the United States, to comply with § 194.1 of the Revenue Act in order to

---

**4.** One transfer was from the Board of Education of School District Number 21 to the Buffalo Grove Park District and the second transfer was from the Wauconda School District Number 118 to the Village of Island Lake.

obtain a property tax exemption under ¶ 500.9a. Furthermore, after reviewing the evidence presented by defendants, the court believes that subjecting the United States to the requirements of § 194.1 does not discriminate against the United States or violate the Supremacy Clause of the United States Constitution.

### CONCLUSION

For the reasons stated in this court's opinion of March 26, 1991, the court declares that the imposition of ad valorem real property taxes on the Harold Washington Social Security Center and the Federal Archives and Records Center pursuant to ¶ 500.9a, as amended effective January 1, 1985, violates the Supremacy Clause of the United States Constitution. Based on the concept of severability discussed in the court's opinion of March 26, 1991, ¶ 500.9a in its unamended form does not violate the Supremacy Clause.

For the reasons stated in this opinion, defendants' motion to reconsider is GRANTED with respect to tax years 1986, 1987, 1988, and 1989. Defendants' motion to reconsider is DENIED with respect to tax year 1985.

Defendants are hereby enjoined from assessing, imposing, or collecting from the United States ad valorem real property taxes on the Harold Washington Social Security Center and the Federal Archives and Records Center for the tax year 1985. Defendants are not enjoined from assessing, imposing, or collecting from the United States ad valorem real property taxes on these properties for the tax years 1986, 1987, 1988, and 1989.